UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
        :
BARBARA FERNANDEZ,         :
        :
        Plaintiff,        :        21-CV-680 (ALC) (OTW)
        :
    -against-        :        **ORDER**
        :
CITY OF NEW YORK, et al.,        :
        :
        Defendants.        :
        :
-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff brings this action for damages and fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of her civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, as well as New York State Law claims. (ECF 1 at 1). The parties dispute, essentially, the relevance and proportionality of Topic C[1] in Plaintiff's 30(b)(6) notice. (ECF 76-1 Ex. A). Defendants moved for a protective order on April 25, 2023, (ECF 76), and Plaintiff filed her opposition on May 11, 2023 (ECF 78).

---

[1] Plaintiff's notice of deposition under Fed. R. Civ. P. 30(b)(6) requests Defendants to identify and make available a person for deposition on this matter: "C. Any training received by any City agency referenced in paragraph B above, with regards to NY Penal Code 35.10 – justification- use of physical force." (ECF 76-1 Ex. A).

N.Y. Penal Law § 35.10 provides in relevant part:

> The use of physical force upon another person which would otherwise constitute an offense is justifiable and not criminal under any of the following circumstances:
>
> 1. A parent, guardian, or other person entrusted with the care and supervision of a person under the age of twenty-one or an incompetent person, and a teacher or other person entrusted with the care and supervision of a person under the age of twenty-one for a special purpose, may use physical force, but not deadly physical force, upon such person when and to the extent that he reasonably believes it necessary to maintain discipline or to promote the welfare of such person.

N.Y. Penal Law § 35.10(1).

The deposition topics in a Rule 30(b)(6) deposition notice must be relevant to any party's claim or defense since a deposition notice is subject to the limitations under Fed. R. Civ. P. 26. *Bigsby v. Barclays Cap. Real Est., Inc.*, 329 F.R.D. 78, 81 (S.D.N.Y. 2019). The topics shall be "proportional to the needs of the case, not unduly burdensome or duplicative, and described with 'reasonable particularity.' *Id.* (citing *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, 14-CV-09371 (KPF) (SN), 2017 WL 9400671, at *1 (S.D.N.Y. Apr. 27, 2017)).

Topic C as written in ECF 78-1 Ex. A is relevant. The parties agree that this action concerns whether there was probable cause to arrest the Plaintiff. (ECF 76 at 2; ECF 78 at 3). A police officer's "awareness of the facts supporting a defense can eliminate probable cause." *Jocks v. Tavernier*, 316 F.3d 128, 135 (2d Cir. 2003). N.Y. Penal Law § 35.10 is a justification defense, which is an exculpatory defense; thus, it "negates" the existence of a crime and could "negate" probable cause. *Id.* However, Topic C as written is not proportional to the needs of the case since it is overbroad. (ECF 76 at 2-3). Topic C shall be limited to training received by the Arresting Officers.

Accordingly, Defendants' motion for a protective order under Fed. R. Civ. P. 26(c)(1) is **DENIED in part and GRANTED in part**.

The Court previously extended the deadline to complete fact discovery to **May 26, 2023**. (ECF Nos. 74, 75). The Court will hold a **post-discovery Status Conference** on **May 31, 2023, at 11:00 a.m.** in Courtroom 20D, 500 Pearl Street, New York, NY 10007. The parties shall file a joint proposed agenda for the Status Conference by **May 29, 2023.**

The Clerk of Court is respectfully directed to close ECF 76 and 78.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: May 16, 2023                                **Ona T. Wang**
New York, New York                     United States Magistrate Judge